Kevin M. Hall
4626 17th St.
San Francisco, CA 94117
(408) 368-9019
kevinmichaelhall@gmail.com



FILED
2010 SEP 22 A 9 00
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **KEVIN M. HALL**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**CARLOS A. GARCIA**, in his official capacity as Superintendent of the San Francisco Unified School District,<br><br>Defendant. | Case No.: C 10-03799 RS<br><br>**REPSONSE TO MOTION FOR EXTENSION OF TIME** |

### ARGUMENT

Pursuant to Local Rule 6-3, Defendant Carlos A. Garcia has moved for an extension of time to reply to Plaintiff's Complaint filed on August 26, 2010. Plaintiff objects for the reasons stated below.

Defendant's argument in his Motion for Extension of Time relies entirely on the fact that he was served on September 9, 2010 but the record shows that Defendant was served with a Summons and a copy of the Complaint on August 31, 2010. This fact places the due date for an Answer or a Motion to Dismiss to

be on September 21, 2000, the day prior to the departure date of Defendant's counsel. It is clear that any argument related to Defendant's counsel being out of the country is irrelevant and this Court should not consider said argument in deciding this matter.

It is readily apparent that Defendant is entirely responsible for having delayed in responding to this Court. Rule 12(a)(1) of the Federal Rules of Civil Procedure allots the Defendant 21 days to respond with either a Motion to Dismiss or an Answer. Defendant wishes to delay this case after waiting 13 days to retain counsel, retaining counsel that is scheduled to be out of the country, hiring counsel that is too busy with other cases to properly respond to Plaintiff's Complaint and allowing counsel to remain mute until the penultimate day in which Defendant is due to respond. Meanwhile Plaintiff has been able to correctly learn, write, and deliver a variety of motions to this Court in a proper timeframe despite the fact that he is appearing *in propria persona* and has received no legal guidance. Defendant's argument is factually incorrect and ignores Plaintiff's argument that he is being prohibited from exercising a constitutionally protected fundamental civil right.

Furthermore, Defendant argues that substantial harm or prejudice will result if an extension is not granted despite the fact that Defendant has negligently delayed in responding to Plaintiff's Complaint. Defendant fails to show what substantial harm will result or what prejudice may occur if his Motion for Extension of Time were to be denied. The facts are clear that even if this Court grants Plaintiff's Motion for Default Judgment, the Defendant would not suffer

substantial harm if the Motion for Extension of Time is denied for the following reasons:

1. Plaintiff seeks no monetary damages.
2. Defendant is protected under qualified immunity from any civil lawsuits which could arise from Plaintiff's actions if Plaintiff were to be granted an exemption to California's Penal Code section 626.9.

Similarly Defendant cannot argue that substantial harm may result to others because Plaintiff is already legally capable of openly carrying an unloaded rifle or shotgun within a gun-free school zone under state law. Defendant also fails to show what prejudice may occur if his Motion were to be denied. Defendant's argument seems to be that since he has failed to act in an expedient manner that he should be granted an extension of time because otherwise his Answer might be deficiently persuasive. Such an argument could be made indefinitely for all cases brought forth in this Court, and thus, this Court should reject such an argument completely.

In the event that this Court does grant Defendant's Motion for Extension of Time, Plaintiff argues that at the very least the extension of time reflect the true date of service and not the September 9, 2010 that Defendant cited. Plaintiff also argues that the extension of time should be as minimal as possible since he literally can suffer substantial physical harm everyday that he is restricted from bearing arms for purposes of self-defense. Delay in granting Plaintiff's fundamental civil rights is counter to the notion of justice that has long been recognized in this country; "Justice delayed is justice denied."

## CONCLUSION

In sum, Defendant has been negligent in his duties to retain counsel in a timely fashion, chose counsel that is incapable of performing the required work, delayed in asking this Court for a time extension, and has failed to show that anybody but Plaintiff could suffer from substantial harm or prejudice if the Court denies the Motion for Extension of Time. For these reasons, the Court should deny Defendant's Motion for Extension of Time.

Respectfully submitted,

Kevin M. Hall

*/s/ Kevin M. Hall*

Date: 9/21/2010

Kevin M. Hall
4626 17th St.
San Francisco, CA 94117
(408) 368-9019
**kevinmichaelhall@gmail.com**