ROBIN B. JOHANSEN, State Bar No. 79084
THOMAS A. WILLIS, State Bar No. 160989
REMCHO, JOHANSEN & PURCELL, LLP
201 Dolores Avenue
San Leandro, CA  94577
Phone:  (510) 346-6200
Fax:  (510) 346-6201
Email:  rjohansen@rjp.com

Attorneys for Defendant
CARLOS A. GARCIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN M. HALL, an individual,<br><br>          Plaintiff,<br><br>vs.<br><br>CARLOS A. GARCIA, in his official capacity as Superintendent of the San Francisco Unified School District,<br><br>          Defendant. | No.:  C 10-03799 RS<br><br>**DEFENDANT'S OPPOSITION TO MOTION FOR DEFAULT JUDGMENT** |

1  On September 22, 2010, plaintiff Kevin M. Hall filed a motion for default judgment,

2  claiming that defendant Carlos A. Garcia, Superintendent of the San Francisco Unified School District,

3  was properly served on August 31, 2010, and had not responded to the complaint within 21 days of

4  such service, or by September 21, 2010.  Doc. #14.

5  The motion should be summarily denied for several reasons.  First, although plaintiff

6  served the summons and complaint on the District's office manager, Denise Berndt, on August 31, and

7  she accepted them on behalf of Mr. Garcia,[1] plaintiff did not at that time serve the Supplemental

8  Materials required to be served with the summons and complaint under Civil Local Rule 4-2.[2]

9  Plaintiff did not serve those papers until September 9, 2010.  *See* Declaration of Denise Berndt, filed

10  herewith ["Berndt Decl."], ¶ 2.  As a result, service was not complete until September 9.  Indeed,

11  defense counsel expressed the belief that service had been completed on September 9 in defendant's

12  motion for extension of time and accompanying declaration, filed September 20, 2010, two days

13  before plaintiff filed the motion for default judgment.  Docs. #11, 12.

14  Second, defendant's motion for an extension of time to respond was also filed prior to

15  any alleged deadline to respond.  Thus, defendant appeared in the case prior to September 21 and

16  announced his intent to defend against the action.  This should be reason enough for the court to deny

17  any default request.  *See Eidson v. Arenas*, 155 F.R.D. 215, 218 (M.D. Fla. 1994) (motion for default

18  judgment denied where defendant filed a motion for a twenty day extension to file answer and filed a

19  motion to dismiss within the extension period; motion to dismiss stayed defendant's time to answer

20  until issuance of the court's order); *de Antonio v. Solomon*, 42 F.R.D. 320 (D. Mass. 1967) (intent to

21  defend by asserting privilege against self-incrimination prevented entry of default).

22  Third, defaults are disfavored and cases should be decided on the merits.  As a result, all

23

24  [1]  Ordinarily, this would not be proper service under federal or state law since an individual defendant can only be served by (1) substitute service under California law, which would have required plaintiff

25  to also mail the summons and complaint (*see* Cal. Code of Civ. Procs., § 415.20) or (2) personal service.  Simply leaving the summons and complaint with the office manager is not proper under

26  Federal Rule of Civil Procedure 4(e)(2)(B) because the District's office was not Mr. Garcia's "dwelling or usual place of abode."  Thus, plaintiff's service of process on August 31, did not comply

27  with statutory requirements.  Nonetheless, the District accepted service of the summons and complaint.

28  [2]  Plaintiff did not request that defendant waive service under Rule 4(d).

1   doubts are resolved against the party seeking default.  *Pena v. Seguros La Commercial, S.A.*, 770 F.2d

2   811, 814 (9th Cir. 1985).  Thus, even if the complaint was properly served on August 31, this court

3   should exercise its discretion to refuse to enter default judgment against defendant for what is, at most,

4   a technical default of three days.  *Lau Ah Yew v. Dulles*, 236 F.2d 415, 416 (9th Cir. 1956) (affirming

5   denial of motion for entry of default judgment where defendant did not timely respond to amended

6   complaint as "within the discretion of the court").

7           Among the factors that a court may consider in exercising its discretion is whether a

8   matter of substantial public importance is at issue.  *General Motors Corp. v. Blevins*, 144 F. Supp. 381,

9   389 (D.C. Colo. 1956) ("the important question of the constitutionality of a state statute should not be

10  determined on default").  Here, plaintiff has raised the issue of whether the United States Supreme

11  Court's decision in *McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010) renders California Penal

12  Code section 626.9 of the Gun Free School Zone Act of 1995 unconstitutional.  He has specifically

13  requested a declaratory judgment that defendant's denial of an exemption under Penal Code 626.9 is

14  unconstitutional under the Second and Fourteenth Amendments.  Such an issue should be determined

15  on the merits.

16          Further, any alleged failure to timely respond to the complaint was technical at most

17  and hardly rises to the level of delinquency Federal Rule of Civil Procedure 55 is designed to rectify.

18  As explained above, defense counsel had a good faith belief that the complaint was not served until

19  September 9.  She sought an extension of time to answer the complaint from plaintiff in a conversation

20  on September 17.  Doc. #12, ¶ 4.  When plaintiff did not respond, defendant filed a timely motion for

21  extension of time on September 20, one day before a response was due if the complaint was properly

22  served on August 9, and ten days before a response was due if the complaint was actually served on

23  September 9.  Docs. #11, 12, ¶ 4.  Finally, defendant's answer accompanies this opposition, and is thus

24  filed only three days after the date plaintiff contends was the deadline for a response.  Plaintiff has not

25  suffered any conceivable prejudice to his case by a three-day delay in the filing of the answer.

26          This set of facts calls for a denial of the motion for default judgment.  *McKnight v.*

27  *Webster*, 499 F. Supp. 420, 424 (D.C. Pa. 1980) (denying motion for default judgment where

28  defendant township sought extension of time to answer complaint when petition for a default judgment

1  was filed, took no action while awaiting court's response, and wrote to court asking whether it had

2  permission to file an answer); *see also Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981) (motion for

3  default judgment should have been denied where answer to amended complaint was filed ten days

4  late); *Spurio v. Choice Security Sys., Inc*., 880 F.Supp. 402, 404 (D.C. Pa. 1995) (denying motion for

5  default judgment where answer filed two days late); *Martin v. Delaware Law Sch. of Widener Univ*.,

6  625 F. Supp. 1288, 1296, n.3 (D.C. Del. 1985) (denying motion for default judgment where answer

7  filed three days after motion for default judgment); *Dr. Ing. H.C.F. Porsche, AG v. Zim*, 481 F. Supp.

8  1247, 1248, n.1 (N.D. Tex. 1979) (denying motion for default judgment where answer filed four days

9  after motion for default judgment filed); *Moriani v. Hunter*, 462 F.Supp. 353, 354-55 (S.D.N.Y. 1978)

10  (denying motion for default judgment where answer was filed 21 days late because defense attorney

11  mistakenly believed that defendant had not been served).  Any default was essentially technical, short-

12  lived, caused by a good faith mistake as to the effective service date of the complaint, and a good faith

13  belief that the time to respond would be extended.  Defendant demonstrated to both plaintiff and this

14  court his full intention to respond to the complaint – and vigorously defend the constitutionality of

15  Penal Code section 626.9 – prior to the filing of the motion for default judgment, and should be

16  allowed to do so.

17  Finally, an entry of default must be requested and entered before a default judgment.

18  Fed. R. Civ. P. 55.  Plaintiff has not yet sought an entry of default.

19  For all these reasons, defendant requests that the Court deny plaintiff's motion for

20  default judgment and grant defendant's pending request for an extension of time in which to respond to

21  the complaint, which was made "before the original time…expire[d]."  Fed. R. Civ. P. 6(b)(1)(A).

22

23  Dated:  September 24, 2010                    Respectfully submitted,

24                                               REMCHO, JOHANSEN & PURCELL, LLP

25

26                                               By:  _____/s/_____
                                                       Thomas A. Willis
27
                                               Attorneys for Defendant Carlos A. Garcia
28  (00126934.4)

DEFENDANT'S OPPOSITION TO MOTION FOR          3
DEFAULT JUDGMENT – NO.:  C 10-03799 RS