ROBIN B. JOHANSEN, State Bar No. 79084
THOMAS A. WILLIS, State Bar No. 160989
REMCHO, JOHANSEN & PURCELL, LLP
201 Dolores Avenue
San Leandro, CA  94577
Phone:  (510) 346-6200
Fax:  (510) 346-6201
Email:  rjohansen@rjp.com

Attorneys for Defendant
CARLOS A. GARCIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN M. HALL, an individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CARLOS A. GARCIA, in his official capacity as Superintendent of the San Francisco Unified School District,<br><br>　　　　Defendant. | No.: C 10-03799 RS<br><br>**DEFENDANT'S ANSWER TO COMPLAINT** |

DEFENDANT'S ANSWER TO COMPLAINT –
NO.: C 10-03799 RS

Defendant Carlos A. Garcia hereby answers Plaintiff's Complaint as follows:

1. Defendant is without sufficient knowledge or belief to answer or deny the allegations in the first sentence of paragraph 1, and therefore denies them.  Defendant admits that he caused to deny an exemption to plaintiff under the Gun Free School Zone Act after the case of *McDonald v. City of Chicago* was decided.  Except as so admitted, defendant denies the remainder of the allegations made in paragraph 1.

2. Defendant denies the allegations in paragraph 2.

3. Defendant admits the allegations in paragraph 3.

4. Defendant denies the allegations in paragraph 4.

5. Defendant admits the allegations in paragraph 5.

6. Defendant admits the allegations in paragraph 6.

7. Defendant is without sufficient knowledge or belief to answer or deny the allegations in paragraph 7, and therefore denies them.

8. Defendant admits the allegations in paragraph 8.

9. Defendant is without sufficient knowledge or belief to answer or deny the allegations in paragraph 9, and therefore denies them.

10. Defendant avers that the Second Amendment to the United States Constitution speaks for itself and no response is required.  To the extent any response is necessary, Defendant denies each and every allegation made in paragraph 10.

11. Defendant avers that the case cited in paragraph 11 speaks for itself and no response is required.  To the extent any response is necessary, Defendant denies each and every allegation made in paragraph 11.

12. Defendant avers that the case cited in paragraph 12 speaks for itself and no response is required.  To the extent any response is necessary, Defendant denies each and every allegation made in paragraph 12.

13. Defendant avers that the statute cited in paragraph 13 speaks for itself and no response is required.  To the extent any response is necessary, Defendant denies each and every allegation made in paragraph 13.

14. Defendant avers that the statute cited in paragraph 14 speaks for itself and no response is required. To the extent any response is necessary, Defendant denies each and every allegation made in paragraph 14.

15. Defendant is without sufficient knowledge or belief to answer or deny the allegations in paragraph 15, and therefore denies them.

16. Defendant is without sufficient knowledge or belief to answer or deny the allegations in paragraph 16, and therefore denies them.

17. Defendant admits the allegations in paragraph 17 of the Complaint.

18. Defendant admits the allegations in paragraph 18 of the Complaint, with the correction that he is the Superintendent of the San Francisco <u>Unified</u> School District.

19. Defendant admits that SFUSD received the letter attached as Exhibit A to the Complaint to Defendant. Except as so admitted, Defendant is without sufficient knowledge or belief to answer or deny the allegations in paragraph 19, and therefore denies them.

20. Defendant avers that Defendant's letter speaks for itself and no response is required. To the extent any response is necessary, Defendant denies each and every allegation made in paragraph 20.

21. Defendant admits that SFUSD Senior Deputy General Counsel Angela Miller sent a response to Plaintiff's letter on behalf of Defendant. Except as so admitted, Defendant is without sufficient knowledge or belief to answer or deny the allegations in paragraph 21, and therefore denies them.

22. Defendant avers that Ms. Miller's letter speaks for itself and no response is required. To the extent any response is necessary, Defendant admits the allegations in paragraph 22 of the Complaint.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses. In asserting these defenses, Defendant does not assume the burden of establishing any fact or proposition where that burden is properly imposed on Plaintiff. Defendant reserves the right to assert additional affirmative defenses that are subsequently revealed.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State Cause of Action)**

The alleged Complaint fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

**(No Harm)**

The Complaint fails to state facts sufficient to constitute a cause of action against Defendant because Plaintiff has suffered no harm as a result of Defendant's conduct.

### FOURTH AFFIRMATIVE DEFENSE

**(Standing)**

Plaintiff lacks standing to bring the Complaint.

### PRAYER FOR RELIEF

WHEREFORE, Defendant demands:

1. That Plaintiff take nothing from Defendant;
2. That the Court enter judgment dismissing the Complaint;
3. That the Court award Defendant his reasonable expenses and costs, including, but not limited to, reasonable attorneys' fees, in defending against this action; and
4. That the Court grant Defendant such other, further relief as the Court may deem proper.

1 | Dated: September 24, 2010 | Respectfully submitted,

2 | | REMCHO, JOHANSEN & PURCELL, LLP

4 | | By: _____/s/_____
  | |         Thomas A. Willis

5 | | Attorneys for Defendant CARLOS A. GARCIA

6 | (00126921.5)

DEFENDANT'S ANSWER TO COMPLAINT –    4
NO.: C 10-03799 RS