Kevin M. Hall
4626 17th St.
San Francisco, CA 94117
(408) 368-9019
kevinmichaelhall@gmail.com



FILED
2010 SEP 30 A 10: 55
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN M. HALL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS A. GARCIA, in his official capacity as Superintendent of the San Francisco Unified School District,<br><br>Defendant. | Case No.: C 10-03799 RS<br><br>**REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR DEFAULT JUDGMENT** |

On September 24, 2010 Defendant filed an Opposition to Plaintiff's Motion For Default Judgment. In Defendant's opposition several statements were made that were factually misleading. This reply hopes to clarify those inconsistencies.

Defendant cites Civil Local Rule 4-2 in claiming that Defendant was not properly served until September 9, 2010. The text of Civil Local Rule 4-2 does not support that claim. Civil Local Rule 4-2 reads:

Along with the complaint and the summons or request for waiver of service, a party subject to Civil L.R. 16-2(a), (b), or (c), must serve the following Supplementary Material:

**(a)** A copy of the Order Setting Initial Case Management Conference and ADR deadlines issued pursuant to Civil L.R. 16-2(a), (b) or (c);

**(b)** Any pertinent Standing Orders of the assigned Judge;

**(c)** A copy of the assigned judge's order and instructions for the preparation of a Case Management Statement or, if none, the Court's form found at Appendix A, pursuant to Civil L.R. 16-10; and

**(d)** Except in cases assigned at the time of filing to a Magistrate Judge, a copy of the form allowing a party to consent to assignment of the case to a Magistrate Judge.

It is clear from the text of this rule that these supplementary materials must be served upon the Defendant. However, the rule makes no mention of when service will be considered complete. Defendant now argues that the rule states that Service is not complete until the service of the other materials, when it makes no mention of such. The Defendant was properly served August 31, 2010 despite the fact that other supplementary documents were served on September 9, 2010. It must follow that the Defendant had until September 21, 2010 to respond to Plaintiff's Complaint. Since Defendant failed to respond, he is in default, and Default Judgment should be granted to Plaintiff.

Defendant also attempts to defend his Motion for an Extension of Time when his Motion failed to address the basic requirements Local Rule 6-3. Defendant did not and has not identified what substantial harm or prejudice would occur if the Court did not grant Defendant's Motion for an Extension of Time. Without such an argument, Defendant's Motion is both frivolous and so devoid of merit as to be completely untenable. Defendant appears to be attempting to carve out a loophole into the Federal Rules of Civil Procedure that gives a de facto extension of time without having to formulate a coherent argument for allowance of said extension. This argument should be dismissed for the sole purpose that it would enable subsequent defendants in this Court's jurisdiction to be entitled to an extension of time without requiring a valid reason for needing one.

Finally, Defendant states that Plaintiff argues that California Penal Code section 626.9 is unconstitutional. Plaintiff has at no time made this argument before this Court. Plaintiff merely argues that Defendant's denial of granting an exemption to the California Penal Code section 626.9 is unconstitutional.

Thus it is clear that Defendant was properly served on August 31, 2010, Defendant failed to submit a Motion to Dismiss or an Answer in a timely fashion, and is in Default. Federal Rules of Civil Procedure allows for Default Judgment rulings to be set aside for various reasons enumerated in Rule 60(b). Defendant has failed to make any plea to this Court based on a single reason based on Rule 60(b)'s list, and therefore remains in Default. This Court should grant

Plaintiff's Motion for Default Judgment based on the facts at hand in order to preserve the sanctity of this Court as well as the sanctity of Liberty.

Respectfully submitted,

Kevin M. Hall

*/s/ K. M. Hall*

Date: 9/29/2010