1  ROBIN B. JOHANSEN, State Bar No. 79084
   THOMAS A. WILLIS, State Bar No. 160989
2  KARI KROGSENG, State Bar No. 215263
   REMCHO, JOHANSEN & PURCELL, LLP
3  201 Dolores Avenue
   San Leandro, CA  94577
4  Phone:  (510) 346-6200
   Fax:  (510) 346-6201
5  Email:  rjohansen@rjp.com

6  Attorneys for Defendant
   CARLOS A. GARCIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN M. HALL, an individual, | No.:  C 10-03799 RS |
| Plaintiff, | **DEFENDANT'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| vs. | |
| CARLOS A. GARCIA, in his official capacity as Superintendent of the San Francisco Unified School District, | Hearing: |
| Defendant. | Date: January 6, 2011<br>Time: 1:30 p.m.<br>Crtrm.: 3 |

(The Honorable Richard Seeborg)

## NOTICE OF MOTION AND STATEMENT OF RELIEF

PLEASE TAKE NOTICE THAT on January 6, 2011 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 3 of the United States District Court, Northern District of California, at 450 Golden Gate Avenue, San Francisco, California, defendant Carlos Garcia, Superintendent of the San Francisco Unified School District, will move for judgment on the pleadings on plaintiff's Complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The motion will be based upon this notice and the memorandum of points and authorities, all of which are filed herewith. The Superintendent's motion is made on the following grounds: In its recent Second Amendment opinions, the Supreme Court has expressly recognized that regulation of firearms in school zones is permissible, and the Superintendent's decision not to grant plaintiff an exemption from state law that prohibits him from openly carrying an unloaded handgun outside his home or vehicle and within 1000 feet of a school does not violate the Second Amendment.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

In *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008), the Supreme Court held that the Second Amendment protects an individual's right to possess an operable handgun in his home. The Court took pains to limit the scope of its ruling to the possession of guns in the home, and explicitly excluded from its scope laws that regulate the possession of guns in "sensitive places" like schools. California's Gun-Free School Zone Act of 1995 is such a law. It prohibits the possession of a firearm in a school zone – on school grounds or within 1,000 feet of school grounds. The Act contains numerous exceptions, including one for the otherwise lawful possession of a firearm on private property, in a residence, and in a business within the school zone, as well as in a locked space in a vehicle. Accordingly, presuming that plaintiff Kevin M. Hall is legally allowed to possess a firearm, the Act allows him to possess that firearm on his private property within the school zone.

The Act contains an additional exception for individuals to whom the school district superintendent grants written permission to carry a firearm in the school zone. In this case, the Superintendent of the San Francisco Unified School District denied Mr. Hall's request for permission to possess a firearm in the school zone outside of his residence and vehicle. The Superintendent's

decision in no way violated the Second Amendment, because public officials – particularly school officials – may act to protect schoolchildren. While the Act allows the Superintendent to exempt individuals in addition to those who are already excepted from the Act like law enforcement and security guards, the Second Amendment does not require that Mr. Hall – or any other individual – be granted permission to avoid the requirements of the Act. The Superintendent, therefore, is entitled to judgment as a matter of law, and the Complaint should be dismissed.

## STATEMENT OF THE FACTS AND THE CASE

California's Gun-Free School Zone Act of 1995 provides that:

> Any person who possesses a firearm in a place that the person knows, or reasonably should know, is a school zone, as defined in paragraph (1) of subdivision (e), unless it is with the written permission of the school district superintendent, his or her designee, or equivalent school authority, shall be punished [by imprisonment for a specified period of time].
>
> Cal. Penal Code §§ 626.9(b), (f).

A school zone is defined in the Act as "an area in, or on the grounds of, a public or private school providing instruction in kindergarten or grades 1 to 12, inclusive, or within a distance of 1,000 feet from the grounds of the public or private school." *Id*. at § 626.9(e)(1). The prohibition does not apply to the possession of a firearm "[w]ithin a place of residence or place of business or on private property, if the place of residence, place of business, or private property is not part of the school grounds and the possession of the firearm is otherwise lawful." *Id*. at § 626.9(c)(1). There are also exceptions for (1) unloaded handguns kept in a locked container in, or trunk of, a motor vehicle; (2) persons who reasonably believe that they are in grave danger on the basis of a current restraining order; (3) persons who are exempt from the prohibition against carrying a concealed firearm under Penal Code section 12027(b), (d), (e), or (h), such as gun dealers, military organization members, and guards transporting money or other things of value; and (4) individuals like police officers and security guards. *Id*. at §§ 626.9(c), (l), (m), & (o).

Plaintiff Kevin M. Hall resides within 1000 feet of Grattan Elementary School in San Francisco and wishes to carry an openly holstered and unloaded handgun within 1000 feet of the school. Doc. #1, ¶¶ 9, 15. On July 9, 2010, Mr. Hall sent a letter to defendant Superintendent of

DEF'S NOT. OF MOT. & MOT. FOR J. ON THE
PLDGS.; MEMO. OF P's & A's IN SUPP. THEREOF
– NO.: C 10-03799 RS

2

San Francisco Unified School District ("SFUSD"), requesting permission to possess his handgun within 1000 feet of Grattan Elementary under Penal Code section 626.9(b). *Id*., ¶ 19, Exh. A. The letter contains no statement of reasons why Mr. Hall needs to carry an unloaded firearm near the school or why he should be permitted to do so. SFUSD Senior Deputy Legal Counsel Angela Miller denied Mr. Hall's request on the Superintendent's behalf in a letter dated August 12, 2010. *Id*., ¶¶ 21, 22.

Mr. Hall filed his Complaint on August 26, 2010, seeking declaratory judgment that the Superintendent's denial of his request violates the Second and Fourteenth Amendments to the United States Constitution and an order requiring that the Superintendent grant his request. Doc. #1, Prayer for Relief. The Superintendent answered the Complaint on September 24, 2010. Doc. #17.

## ARGUMENT

## I.

## STANDARD

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Just like Rule 12(b)(6) motions to dismiss, Rule 12(c) motions test the legal sufficiency of the complaint, assuming that the facts as alleged are true. "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990). This case presents a pure issue of law: whether the Superintendent's denial of Mr. Hall's request for an exemption to the Gun-Free School Zone Act of 1995 violates the Second and Fourteenth Amendments to the United States Constitution.

## II.

**RECENT SUPREME COURT CASES ON THE SECOND AMENDMENT ARE NARROW IN SCOPE AND DO NOT APPLY TO LAWS REGULATING FIREARMS IN SCHOOL ZONES**

The Supreme Court has recently held that the Second Amendment confers an individual right to keep and bear arms, and that this right applies to the states under the Fourteenth Amendment. *District of Columbia v. Heller*, 128 S. Ct. 2783, 2797, 2821-22 (2008) (District of Columbia's absolute

ban on possession of usable handguns in the home violates Second Amendment); *McDonald v. City of Chicago*, 130 S. Ct. 3020, 3050 (2010) (the Second Amendment is applicable to the states via the due process clause of the Fourteenth Amendment). But the Court has made clear that these decisions do not affect narrower regulations that do not prohibit firearm possession in the home. "[T]he right secured by the Second Amendment is not unlimited," and is "not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." *Heller*, 128 S. Ct. at 2816. "[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or *laws forbidding the carrying of firearms in sensitive places such as schools* and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *Id*. at 2816-17 (emphasis added); *see also id*. at 2851 ("the majority implicitly, and appropriately, . . . broadly approv[es] a set of laws" restricting firearm use) (Breyer, J., dissenting). Indeed, such laws are "presumptively lawful regulatory measures." *Id*. at 2817 n.26.

The Supreme Court reiterated this position in *McDonald*: "We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as . . . 'laws forbidding the carrying of firearms in sensitive places such as schools and government buildings . . . .'" *McDonald*, 130 S. Ct. at 3047 (quoting *Heller*, 128 S. Ct. at 2817). The Court went on: "We repeat those assurances here. Despite municipal respondents' doomsday proclamations, incorporation [of the Second Amendment into the Fourteenth Amendment] does not imperil every law regulating firearms." *Id*.

At least one federal district court has already held that *Heller* does not preclude enforcement of the federal Gun-Free School Zone Act's prohibition of the possession within 1,000 feet of a school of a firearm that has moved in interstate commerce. *U.S. v. Lewis*, Crim. No. 08-45, 2008 WL 5412013, *2 (D.V.I. Dec. 24, 2008) (reviewing indictment under 18 U.S.C. § 922(q)(2)(A)). In a decision designated "For Publication," the District Court of the Virgin Islands found that "the Supreme Court expressly held up prohibitions on firearms 'in sensitive places such as schools' as an example of a lawful regulation." *Id*. "It is beyond peradventure that a school zone, where Lewis is alleged to have possessed a firearm, is precisely the type of location of which *Heller* spoke. Indeed,

*Heller unambiguously forecloses a Second Amendment challenge to that offense* under any level of scrutiny." *Id.* (emphasis added).

The Supreme Court declined to provide guidance regarding the analysis of future challenges under the Second Amendment, and post-*Heller* decisions have differed in determining the appropriate level of scrutiny to be applied to Second Amendment challenges. *Heller*, 128 S. Ct. at 2821; *U.S. v. Masciandaro*, 648 F. Supp. 2d 779, 787 nn.10, 11, 12 (E.D. Va. 2009) (lower courts "have not been uniform in this respect; some have applied strict scrutiny, others have used intermediate scrutiny, and still others have formulated an "undue burden'-type approach similar to that used in the context of abortion regulations;" collecting cases) (footnotes and citations omitted). The Superintendent's decision should be upheld under any level of scrutiny, particularly given the governmental interest in protecting schoolchildren and the fact that *Heller* precludes challenges to regulations pertaining to "sensitive spaces" like schools.

Numerous courts deciding Second Amendment challenges after *Heller* have relied on *Heller's* narrow scope to uphold firearm restrictions. "Courts often limit the scope of their holdings, and such limitations are integral to those holdings." *U.S. v. Vongxay*, 594 F.3d 1111, 1115 (9th Cir. 2010). In *Vongxay*, the Ninth Circuit held that a federal statute prohibiting felons from possessing a firearm did not violate the Second Amendment, given *Heller's* limitation of its holding to exclude such statutes. *Id.* at 1114-15; *see also U.S. v. Bonner*, No. CR 08-00389 SBA, 2008 WL 4369316, *4 (N.D. Cal. Sept. 23, 2008) ("In arriving at [its] conclusion, the Supreme Court expressly circumscribes its decision to avoid casting 'doubt' on laws forbidding felons from possessing firearms;" upholding federal statute prohibiting convicted felon from purchasing, owning, or possessing body armor). The Ninth Circuit has also upheld a conviction for carrying a concealed weapon on an airplane, as "nothing in [*Heller*] was intended to cast doubt on the prohibition of concealed weapons in sensitive places." *U.S v. Davis*, 304 Fed. Appx. 473, 474 (9th Cir. 2008) (unpublished). Likewise, the Eastern District of Virginia has upheld a conviction under a federal regulation that prohibits possessing a loaded weapon in a motor vehicle on National Park land. *Masciandaro*, 648 F. Supp. 2d at 789-90 (finding as-applied challenge to 36 C.F.R. § 2.4(b) withstands any elevated level of scrutiny).

A California appellate court has upheld convictions under California Penal Code provisions that prohibit (1) a person who is prohibited from possessing a firearm, such as a felon, from possessing a firearm; (2) carrying a concealed firearm; and (3) carrying a loaded firearm in a public place, finding that such statutes do not violate the Second Amendment in light of the *Heller* opinion. *People v. Flores*, 169 Cal. App. 4th 568, 574 (2008), *review denied*, Mar. 18, 2009. The *Flores* opinion noted that the *Heller* opinion "repeatedly stressed the broad sweep of the local prohibitions at issue in the case," in finding that the firearm statutes challenged in *Flores* "have nowhere near the broad sweep of the statutes at issue in *Heller*," and "we cannot read *Heller* to have altered the courts' longstanding understanding that such prohibitions are constitutional." *Id.* at 573-75; *see also People v. Yarbrough*, 169 Cal. App. 4th 303, 314 (2008) (quoting *Heller*, 128 S. Ct. at 2817) (prohibition of concealed weapons is not constitutionally overbroad or invalid; "concealment of a firearm under . . . clothing on a residential driveway that was not closed off from the public and was populated with temporary occupants falls within the 'historical tradition' of prohibiting the carrying of dangerous weapons in publicly sensitive places.").

Thus, the Supreme Court has made clear that the type of regulation at issue here is presumptively lawful and not affected by its decisions in *Heller* and *McDonald*. The governmental interest in protecting the safety of schoolchildren also requires that the Act survive any level of heightened scrutiny. The Act balances Second Amendment interests by including exceptions for the possession of firearms in residences, businesses, and private property within the zone, for possession of firearms in locked containers in, or trunks of, vehicles, and for a number of categories of individuals, such as police officers, security guards, and individuals who reasonably believe that they are in grave danger on the basis of a current restraining order. Even this litany of exceptions does not end the matter, however, because the Act allows the one individual charged with protecting the safety of the schoolchildren to make additional exceptions if they appear warranted.

It is important to keep in mind that the Supreme Court's focus in *Heller* was on "the absolute prohibition of handguns held and used for self-defense *in the home* . . . ." 128 S. Ct. at 2822 (emphasis added). Clearly, the Court's concern was with the right to possess a weapon for self-defense, and it did not bar other regulations necessary to address "the problem of handgun violence in

this country." *Id*. Mr. Hall's interest in carrying an openly holstered unloaded gun in a school zone is not the type of "core lawful purpose of self-defense" that *Heller* vindicates. *Id*. at 2818. The Act already allows him to keep his gun in his home and vehicle for purposes of self-defense. He has not alleged that he particularly fears for his safety elsewhere in the school zone, and has not explained how an unloaded gun would assist in his self-defense. He has therefore demonstrated no need for a special exemption from the Act.

### III.

### **CONSTITUTIONAL RIGHTS IN SCHOOL ZONES MAY BE RESTRICTED**

"[N]ot every law which makes a right more difficult to exercise is, ipso facto, an infringement of that right." *Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833, 873 (1992) (joint opinion of O'Connor, Kennedy & Souter, JJ.); *see id*. at 874 (constitutional right to abortion not violated where "[n]umerous forms of state regulation might have the incidental effect of increasing the cost or decreasing the availability of medical care . . . for abortion. . . ."). Given the governmental interest in protecting school children, courts have upheld a number of physical restrictions around school areas against constitutional challenges. For example, the Supreme Court has noted in reviewing an ordinance restricting liquor licenses:

> Plainly schools and churches have a valid interest in being insulated from certain kinds of commercial establishments, including those dispensing liquor. Zoning laws have long been employed to this end, and there can be little doubt about the power of a state to regulate the environment in the vicinity of schools, churches, hospitals and the like by exercise of reasonable zoning laws.

*Larkin v. Grendel's Den, Inc*., 459 U.S. 116, 121 (1982).[1]

Following *Larkin*, the Fifth Circuit upheld the application of a zoning ordinance prohibiting the sale of beer within 500 feet of a public school in *Davidson v. City of Clinton, Miss*., 826 F.2d 1430 (5th Cir. 1987):

---

[1] The Court's conclusion that the ordinance violated the Establishment Clause because it allowed churches located 500 feet from an applicant to effectively veto applications for liquor licenses does not diminish the strength of this holding in the school context.

DEF'S NOT. OF MOT. & MOT. FOR J. ON THE
PLDGS.; MEMO. OF P's & A's IN SUPP. THEREOF
– NO.: C 10-03799 RS

7

> The ordinance in question erects a reasonable zone of protection around a center of educational growth and enrichment. As such, the ordinance represents a determination by the governing authorities of the City of Clinton that the sale of beer within the proximity of a public school is injurious and damaging to the public health and morals and increases danger to the safety of children.

*Id*. at 1434.

The Supreme Court has similarly upheld a zoning law that prohibited adult theaters within 1,000 feet of a school because of the theaters' secondary effect of harm to children. *City of Renton v. Playtime Theaters, Inc.*, 475 U.S. 41, 50 (1986). The Court has also held that an ordinance prohibiting a person while on grounds adjacent to a school building in which a school is in session from willfully making a noise or diversion that disturbs or tends to disturb the peace or good order of the school session is not unconstitutionally vague or overbroad. *Grayned v. City of Rockford*, 408 U.S. 104, 109, 115 (1972). Finally, the Eighth Circuit has sustained a ban on registered sex offenders living within 2,000 feet of a school or child care facility against numerous constitutional challenges, including claims that the practice violated the right to travel, privacy, and due process. *Doe v. Miller*, 405 F.3d 700, 714-15 (8th Cir. 2005) (finding law rationally advanced governmental purpose of promoting safety of children).

In reviewing the legislative history of the Gun-Free School Zone Act, a California court of appeal found that it was clear that "the intent of the Legislature in enacting the law was to further the safety of students at and on their way to and from school." *People v. Tapia*, 129 Cal. App. 4th 1153, 1165 (2005) (citing A.B. 645 (1993-94 Reg. Sess.)) (sidewalk did not fall under private property exception; statute was not unconstitutionally vague). The Act is intended to protect school children from gun violence as well as possible unsupervised exposure to guns in the vicinity of schools. Indeed, an openly visible firearm on the person of someone who is not obviously a peace officer or security guard in the midst of large numbers of children would likely cause panic and disruption that only demonstrates the need to control the number of firearms to which schoolchildren are exposed in and near places of learning. The rationale behind California's student protection laws is entirely consistent with *Heller's* exception for regulating firearms in schools: "Schools and government buildings are sensitive places because, unlike homes, they are public properties where large numbers of

people, often strangers (and including children), congregate for recreational, educational, and expressive activities." *Masciandaro*, 648 F. Supp. 2d at 790 (analyzing *Heller's* exception for regulations of firearms in "sensitive places").

There is likewise a clear governmental interest in allowing government officials to exercise judgment in the regulation of firearms based on the place or manner of the possession of the firearms.[2] Such decisionmaking is even more necessary in the school context, where the safety of large numbers of defenseless children is at stake both on school grounds and as they travel to and from school. Indeed, superintendents and other school officials already exercise wide discretion in protecting the safety of schoolchildren. It is thus "not the role of the federal courts to set aside decisions of school administrators which the court may view as lacking a basis in wisdom or compassion." *Wood v. Strickland*, 420 U.S. 308, 326 (1975).[3] "The system of public education that has evolved in this Nation relies necessarily upon the discretion and judgment of school administrators and school board members and § 1983 was not intended to be a vehicle for federal court correction of errors in the exercise of that discretion which do not rise to the level of violations of specific constitutional guarantees." *Id*.

## **CONCLUSION**

State regulation of firearm possession within 1,000 feet of schools is constitutional both under *Heller* and other law supporting restrictions around schools. The Superintendent's decision to deny Mr. Hall special permission to possess a firearm in the school zone around Grattan Elementary was not only correct, but constitutionally applied. Judgment should be entered in favor of the Superintendent, and the complaint should be dismissed with prejudice.

---

[2] Regulations regarding firearms in California often rely on government officials' discretion. For example, Penal Code section 12050(a) provides that a county sheriff or a municipal police department chief *may* issue a license, upon, among other things, good cause, to carry a concealed firearm. Penal Code section 12050(b) goes on to permit: "A license may include any reasonable restrictions or conditions which the issuing authority deems warranted, including restrictions as to the time, place, manner, and circumstances under which the person may carry a pistol, revolver, or other firearm capable of being concealed upon the person."

[3] *Abrogated in part on other grounds in Harlow v. Fitzgerald*, 457 U.S. 800, 815-18 (1982).

| | | |
|---|---|---|
| 1 | Dated: December 2, 2010 | Respectfully submitted, |
| 2 | | REMCHO, JOHANSEN & PURCELL, LLP |
| 3 | | |
| 4 | | By: _____/s/_____ |
| 5 | | Robin B. Johansen |
| | | Attorneys for Defendant Carlos A. Garcia |
| 6 | (00130761.10) | |

DEF'S NOT. OF MOT. & MOT. FOR J. ON THE
PLDGS.; MEMO. OF P's & A's IN SUPP. THEREOF
– NO.: C 10-03799 RS

10