ROBIN B. JOHANSEN, State Bar No. 79084
THOMAS A. WILLIS, State Bar No. 160989
KARI KROGSENG, State Bar No. 215263
REMCHO, JOHANSEN & PURCELL, LLP
201 Dolores Avenue
San Leandro, CA 94577
Phone: (510) 346-6200
Fax: (510) 346-6201
Email: rjohansen@rjp.com

Attorneys for Defendant
CARLOS A. GARCIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN M. HALL, an individual, | No.: C 10-03799 RS |
| Plaintiff, | **OBJECTIONS TO EVIDENCE** |
| vs. | Hearing: |
| CARLOS A. GARCIA, in his official capacity as Superintendent of the San Francisco Unified School District, | Date: January 6, 2011<br>Time: 1:30 p.m.<br>Crtrm.: 3 |
| Defendant. | (The Honorable Richard Seeborg) |

OBJECTIONS TO EVIDENCE –
NO.: C 10-03799 RS

1    All of the evidence that plaintiff Kevin M. Hall has submitted in support of his
2    opposition to defendant Carlos A. Garcia's motion for judgment on the pleadings is inadmissible and
3    must be stricken, because it is neither relevant nor incorporated by reference in the pleadings nor
4    admissible under the doctrine of judicial notice.  That evidence includes:
5    　　　1.    Exhibit A, an unsubstantiated and unauthenticated table entitled "California
6    School Shootings 01/1979 to 06/2009," which includes a footnoted disclaimer which states, "Plaintiff
7    does not purport this information to be complete, but effort has been made to be accurate with the
8    given data sets."
9    　　　2.    Exhibit B, an unsubstantiated and unauthenticated graph entitled "California
10   School Shootings Chart 1980-2009."  Plaintiff states on page 4 of his opposition that "[w]hile
11   determining the exact number of shootings within a given time period is likely to be impossible,
12   websites schoolsecurity.org and columbine-angels.com have attempted to catalog this information,"
13   before citing Exhibits A and B.  Presumably, he personally extracted the data contained in Exhibits A
14   and B from these websites, which are more fully cited in the table of authorities as
15   http://www.schoolsecurity.org/trends/school_violence.html and http://www/columbine-
16   angels.com/School_Violence.htm.
17   　　　3.    Exhibit C, an unsubstantiated and unauthenticated map entitled "San Francisco
18   Map (Circles indicate 1,000 foot school zone centered over school)," which includes a footnoted
19   disclaimer which states, "Plaintiff does not claim this data is complete, but effort was made to be
20   accurate."  Page 10 of the opposition describes Exhibit C as "a map with a circle with 1,000 foot radius
21   centered over every K-12 school Plaintiff was able to find within San Francisco," along with the
22   unsubstantiated statement that "the circles of Exhibit C cover 32.3% of the total area of San Francisco,
23   or roughly a third of the entire city."
24   　　　4.    Eric Bailey, "O.C. Legislator, Gun Lobby Duel Over School Violence," Los
25   Angeles Times, August 29, 1994, an unauthenticated news article cited on page 3 of the opposition that
26   was not attached nor filed by plaintiff.
27   　　　5.    Eugene Volokh, "*McDonald v. City of Chicago* and the Standard of Review for
28   Gun Control Laws," http://www.scotusblog.com/2010/06/mcdonald-v-city-of-chicago-and-the-

OBJECTIONS TO EVIDENCE –             1
NO.: C 10-03799 RS

standard-of-review-for-gun-control-laws/, an unauthenticated blog post cited on page 5 of the opposition that was not attached nor filed by plaintiff.

6. The unsubstantiated statement on page 10 of the opposition that "[a]t 1,000 feet in size, a school with property dimensions of 200 feet by 200 feet would create a school zone encompassing over 3.98 million square feet."

7. The unsubstantiated statement on page 10 of the opposition that "[s]ome handgun rounds have initial speeds of over 1,000 feet per second. . . ."

8. The unsubstantiated statements on pages 12-13 of the opposition that lists ten states that allow firearm license holders to enter school property, and 26 states that do not establish a gun-free school zone, with a footnoted disclaimer stating "[d]ue to the difficulty of proving something is not illegal, Plaintiff does not assert this list to be exhaustive."

9. The unauthenticated report cited on page 15 of the opposition, California Attorney General, "Crime in California 2009," http://ag.ca.gov/cjsc/publications/candd/cd09/preface.pdf, that was not attached nor filed by plaintiff.

10. The unauthenticated report cited on page 15 of the opposition, California Attorney General, "Homicide in California 2008," http://ag.ca.gov/cjsc/publications/homicide/hm08/preface.pdf, that was not attached nor filed by plaintiff.

**A.   Evidence Outside the Pleadings Cannot Be Considered On a Motion For Judgment On the Pleadings**

The factual evidence submitted by plaintiff is fundamentally inadmissible in opposition to defendant's motion for judgment on the pleadings, because Rule 12(c) motions must be decided on the facts alleged in the pleadings, not additional facts or evidence. "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). If this is the case, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id*. The only materials that a court may consider without converting the motion for judgment on the pleadings into a motion for summary judgment are documents physically attached to the complaint, documents incorporated by reference in the complaint, or matters that may

OBJECTIONS TO EVIDENCE –            2
NO.: C 10-03799 RS

be judicially noticed. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). None of these exceptions applies here.

For the purposes of Rule 12(c) motions, a document that is not attached to a complaint may only "be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Ritchie*, 342 F.3d at 908. Because none of the above documents or statistics presented in the opposition were referred to nor relied upon in the complaint, they may not be incorporated by reference.

The Superintendent's motion must—and can—be decided on the face of the complaint under Rule 12(c). Not only are school shootings statistics (Nos. 1, 2), approximated school zones on a map in San Francisco (No. 3), mathematical approximations regarding the size of the school zones (No. 6), the speed of particular handgun rounds (No. 7), and other gun violence statistics (Nos. 9, 10) improperly submitted on a motion for judgment on the pleadings, they are irrelevant to the issue posed by the Superintendent's motion: whether, as a matter of law, the Superintendent's denial of Mr. Hall's request for an exemption to the Gun-Free School Zone Act of 1995 violates the Second and Fourteenth Amendments to the United States Constitution. No such statistics are necessary for this Court to determine the scope of the Supreme Court's decision in *Dist. of Columbia v. Heller*, 554 U.S. 570 (2008), nor whether *Heller* has foreclosed a Second Amendment challenge to a "sensitive place" like a school zone. *See U.S. v. Lewis*, Crim. No. 2008-45, 2008 WL 5412013, *2 (D.V.I. Dec. 24, 2008) ("*Heller* unambiguously forecloses a Second Amendment challenge" to a conviction under the federal Gun-Free School Zone Act).

B.   **The Evidence Is Not Subject To Judicial Notice**

Courts may only take judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). "Facts are indisputable, and thus subject to judicial notice, only if they are either generally known under Rule 201(b)(1) or capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned under Rule 201(b)(2)." *Ritchie*, 342 F.3d at 909. Rule 201 does not apply to the unsubstantiated and unauthenticated statistics presented in the opposition. Even if plaintiff had properly authenticated the documents referenced in the opposition—and properly requested judicial notice—the only documents that might be judicially

1  noticeable are the Los Angeles Times article (No. 4), the Eugene Volokh blog post (No. 5), and the
2  California Attorney General Reports on crime (Nos. 9 and 10), although the content of those
3  documents would still not be judicially noticeable nor relevant to the motion.  Presumably the other
4  state laws regarding firearms and schools listed in pages 12 to 13 of the opposition (No. 8) could be
5  judicially noticed or simply cited by statute, but as currently presented, they are inadmissible.

6  **C.    The Evidence Lacks Foundation and Is Hearsay**

7          As presented, much of the above evidence lacks foundation, assumes facts not in
8  evidence, and constitutes hearsay.  The statistics regarding school shootings lack foundation, assume
9  facts not in evidence, and are inadmissible hearsay.  Nos. 1 and 2.  The map of San Francisco school
10 zones likewise lacks foundation, assumes facts not in evidence, and constitutes hearsay.  No. 3.  The
11 Los Angeles Times article is likewise inadmissible hearsay.  No. 4.  The Volokh blog post lacks
12 foundation.  No. 5.  The vague assertions calculating the square footage of school zones (No. 6) and
13 the statement regarding the speeds of handgun rounds (No. 7) also lack foundation, assume facts not in
14 evidence, and constitute hearsay.  The vague reference to other state laws lacks foundation.  No. 8.
15 Finally, as currently presented, the crime statistics cited in the Attorney General reports lack
16 foundation, assume facts not in evidence, and are hearsay.  Nos. 9 and 10.

17         Plaintiff's evidence is inadmissible, irrelevant to the motion currently pending before
18 this Court, and does not fall under either the doctrines of incorporation or judicial notice.  Accordingly,
19 the evidence should be stricken.

20 Dated:  December 23, 2010                    Respectfully submitted,

21                                              REMCHO, JOHANSEN & PURCELL, LLP

23                                              By:  _____/s/_____
                                                     Robin B. Johansen
24
                                                Attorneys for Defendant Carlos A. Garcia
25 (00134110)

OBJECTIONS TO EVIDENCE –              4
NO.: C 10-03799 RS