ROBIN B. JOHANSEN, State Bar No. 79084
THOMAS A. WILLIS, State Bar No. 160989
KARI KROGSENG, State Bar No. 215263
REMCHO, JOHANSEN & PURCELL, LLP
201 Dolores Avenue
San Leandro, CA  94577
Phone:  (510) 346-6200
Fax:  (510) 346-6201
Email:  rjohansen@rjp.com

Attorneys for Defendant
CARLOS A. GARCIA

KEVIN M. HALL
4626 17th Street
San Francisco, CA  94117
Phone:  (408) 368-9019
Email:  kevinmichaelhall@gmail.com

In Pro Per

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN M. HALL, an individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CARLOS A. GARCIA, in his official capacity as Superintendent of the San Francisco Unified School District,<br><br>　　　　　Defendant. | No.: C 10-03799 RS<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Hearing:<br><br>Date:　　January 6, 2011<br>Time:　　10:00 a.m.<br>Crtrm.:　　3<br><br>(The Honorable Richard Seeborg) |

Pursuant to the Court's Order filed September 14, 2010 and Federal Rule of Civil Procedure 26(f), the parties jointly submit the following case management statement:

**1. Date Case Was Filed**

The case was filed on August 26, 2010.

**2. Parties**

Plaintiff is Kevin M. Hall, representing himself pro per.

Defendant is Superintendent of San Francisco Unified School District Carlos A. Garcia, sued in his official capacity.

**3. Claims**

Plaintiff seeks declaratory judgment that the Superintendent's denial of his request for permission to possess a handgun within 1,000 feet of San Francisco Unified School District ("SFUSD") schools under the California Gun-Free School Zone Act of 1995, Penal Code section 626.9(b), violates the Second and Fourteenth Amendments to the United States Constitution and an order requiring that the Superintendent grant him an exemption to Penal Code section 626.9.

**4. Event Underlying the Action**

Plaintiff resides near Grattan Elementary School in San Francisco and wishes to carry an openly holstered and unloaded handgun within 1,000 feet of the school. California's Gun-Free School Zone Act of 1995 prohibits any person from possessing a firearm in a place that the person knows or reasonably should know is a school zone – i.e., the grounds of and within 1,000 feet from the grounds of a public or private K-12 school – unless the person falls under a number of exceptions enumerated in the Act, or receives written permission of the school district superintendent, his or her designee, or equivalent school authority. Cal. Penal Code § 626.9. On July 19, 2010, Mr. Hall sent a letter to defendant Superintendent of SFUSD, requesting permission to possess his handgun within 1,000 feet of Grattan Elementary. SFUSD Senior Deputy Legal Counsel Angela Miller denied Mr. Hall's request on the Superintendent's behalf in a letter dated August 12, 2010. None of these facts are in dispute.

**5. Relief Sought and Damages Claims**

Plaintiff seeks declaratory and injunctive relief, and seeks no monetary damages.

JOINT CASE MANAGEMENT STATEMENT –     1
NO.: C 10-03799 RS

6. **Status of Discovery**

Neither party has engaged in discovery at this time.  No limits or cutoff dates have been set.  The parties will serve initial disclosures and file their Rule 26(f) Report on December 30, 2010.  There is a motion for judgment on the pleadings pending before this Court, and parties intend to wait for the Court's order on that motion before proceeding with discovery.

7. **Procedural History**

Mr. Hall filed his Complaint on August 26, 2010.  Plaintiff did not consent to the assignment of the case to Magistrate Judge Chen, and the case was reassigned to Judge Seeborg on September 14, 2010.  Mr. Hall filed a Motion for Default Judgment on September 22, 2010.  Although the Superintendent had filed a Motion for Extension of Time to file a responsive pleading on September 20, 2010, after plaintiff declined to agree to an extension, the Superintendent opposed the Motion for Default Judgment and answered the Complaint on September 24, 2010.  This Court has not ruled on the Motion for Default Judgment.

On December 2, 2010, the Superintendent filed a Motion for Judgment on the Pleadings.  The motion is fully briefed, and is scheduled to be heard on January 6, 2011 at 1:30 p.m.  The Case Management Conference is also scheduled to take place on January 6, 2011, at 10:00 a.m.  In the interests of judicial efficiency and convenience, the parties respectfully suggest that the Court order that the two hearings be combined on that day.

If the Motion for Judgment on the Pleadings is denied, the parties anticipate that the case will be resolved on summary judgment.

The parties are scheduled to participate in an ADR Phone Conference on January 4, 2011 at 11:30 a.m.  Given the constitutional issues at stake, the parties do not believe that ADR would be productive in this case.

8. **Other Deadlines**

The parties are not aware of any other deadlines in place in this case.

9. **Requested Modification of Deadlines**

No modifications are requested.

**10.     Whether Parties Will Consent to a Magistrate Judge for Trial**

Plaintiff does not consent to a Magistrate Judge for Trial.

**11.     Whether Judge Seeborg Has Previously Conducted a Settlement Conference**

Judge Seeborg has not previously conducted a settlement conference in this case. Given the constitutional claims in this case, the parties do not believe a settlement conference would be productive at this time. However, plaintiff has indicated that he may be willing to settle if defendant would issue plaintiff an exemption to Cal. Penal Code § 626.9.

**ADDITIONAL INFORMATION REQUIRED BY THE NORTHERN DISTRICT OF CALIFORNIA'S STANDING ORDER RE CONTENTS OF JOINT CASE MANAGEMENT**

**12.     Jurisdiction and Service**

The court has subject matter jurisdiction over plaintiff's claims under 28 U.S.C. §§ 1331 and 1343. No party remains to be served.

**13.     Legal Issues**

Plaintiff claims that recent Supreme Court decisions in *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008) and *McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010), which hold that the Second Amendment protects an individual right to keep and bear arms and that this right applies to the states under the Fourteenth Amendment, renders the Superintendent's decision to deny plaintiff's request for an exemption to California's Gun-Free School Zone Act, Penal Code section 626.9, unconstitutional as a deprivation of plaintiff's right to self-defense. The Superintendent claims that *Heller* and *McDonald* explicitly except regulations restricting firearms in sensitive places like schools from the recent Second Amendment rulings.

**14.     Amendment of Pleadings**

The parties do not expect the pleadings will be amended.

**15.     Evidence Preservation**

Parties have made efforts to preserve evidence relevant to the issues reasonably evident in this action.

**16.     Related Cases**

There are no related cases or proceedings pending before another judge of this court, or

before another court or administrative body.

**17.  Narrowing of Issues**

At this time, the parties do not believe there are any issues that can be narrowed by agreement or by motion, or that there is any need to bifurcate issues, claims, or defenses.

**18.  Expedited Schedule**

If the Court denies defendant's motion for judgment on the pleadings and plaintiff's motion for default judgment, this case may be expedited with a likely resolution on summary judgment.

**19.  Scheduling**

The parties agree to the following discovery deadlines, assuming the Court rules on the motion for judgment on the pleadings by January 31, 2011.  The parties reserve their right to propose alternative dates if resolution of the motion takes longer than that.

  a.  Discovery may be conducted February 1 through May 31, 2011;
  b.  Discovery cut-off will be June 1, 2011;
  c.  Deadline to designate any expert witnesses will be June 16, 2011;
  d.  Dispositive motions to be filed by September 1, 2011.

**20.  Trial**

The parties expect the case to be tried to the court if the matter is not resolved on summary judgment, in a trial lasting 3 days.

**21.  Disclosure of Non-party Interested Entities or Persons**

Plaintiff has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.  As the head of a government agency sued solely in his official capacity, defendant is not required to file the Certification.

There are no persons, firms, partnerships, corporations (including parent corporations) or other entities known by the parties to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Dated:  December 30, 2010

Respectfully submitted,

REMCHO, JOHANSEN & PURCELL, LLP

By: _____/s/_____
　　　Robin B. Johansen

Attorneys for Defendant Carlos A. Garcia

Dated:  December 30, 2010

By: _____/s/_____
　　　Kevin M. Hall

　　　In Pro Per

**CASE MANAGEMENT ORDER**

Discovery deadlines are as follows:

a. Discovery may be conducted February 1 through May 31, 2011;

b. Discovery cut-off will be June 1, 2011;

c. Deadline to designate any expert witnesses will be June 16, 2011;

d. Dispositive motions to be filed by September 1, 2011.

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

Dated: _____

_____
HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT COURT JUDGE

(00133922)